CONTINENTAL COPPER & STEEL INDUSTRIES, INC., Plaintiff-Appellee,

v.

Henry Ralph Rokeby JOHNSON, Excess Ins. Co., H.S. Weavers, English and American Stronghold Ins. Co., Turegum Ins. Co., and Assicurazioni Generali, Defendants-Appellants.

No. 511, Docket 80–7762.

United States Court of Appeals, Second Circuit.

Argued Dec. 17, 1980.

Decided Jan. 13, 1981.

Opinion Filed Feb. 6, 1981.

Daniel H. Murphy, II, New York City (Ralph V. O. Curtis, Arthur J. Washington, Mendes & Mount, New York City, of counsel), for defendants-appellants.

Joseph Chase, New York City (Robin Hirsch, Hall, Dickler, Lawler, Kent & Howley, New York City, of counsel), for plaintiff-appellee.

Before MOORE, MANSFIELD and NEWMAN, Circuit Judges.

PER CURIAM:

Defendant insurers and insurance companies appeal from an order of the District Court for the Southern District of New York entered on August 18, 1980, by Judge Robert W. Sweet, which granted the motion of plaintiff Continental Copper and Steel Industries, Inc. for summary judgment, di-

recting the insurers to reimburse it for funds expended in the indemnification of five of its directors in their successful defense of a suit by International Halliwell Mines, Ltd. against Continental and the five directors.

In 1961 Continental, the largest single stockholder of Halliwell, had designated five of its directors to serve as nominees on Halliwell's board in order to protect Continental's interest as the financier of Halliwell's failing operations. In 1970 Halliwell brought the suit against Continental and the five directors, claiming unlawful domination, misappropriation of corporate opportunities and breach of fiduciary duties to Halliwell. The suit was dismissed on the basis of a release executed by Halliwell in favor of Continental in 1967. The expenses of the five directors in successfully defending amounted to $315,000, which Continental paid and for which it seeks reimbursement under its insurance policy issued by the defendants.

The defendants claim that the policy does not cover expenses because it applies only to wrongful acts committed by directors in their respective capacities as directors or officers of Continental and not to acts committed in their capacities as officers and directors of Halliwell. Even accepting the defendants' own interpretation as to the capacity limitation, however, it calls for reimbursement because the directors were not sued solely for breach of their duties as Halliwell directors. They were also sued for wrongful acts committed in their capacities as directors and officers of Continental in mismanaging Halliwell for the benefit of Continental. In short they were allegedly acting on behalf of Continental in looting Halliwell for Continental's benefit. They thus allegedly committed wrongful acts on behalf of the insured corporation, for which it must be reimbursed.

The order of the district court is affirmed.